Jim D. RICE d/b/a Rice Fur Farm, Appellant,

v.

Myron BEARSON and Fairbanks North Star Borough, Appellees.

No. S–776.

Supreme Court of Alaska.

March 14, 1986.

Rehearing Denied April 10, 1986.

---

Lyle R. Carlson, Fairbanks, for appellant.

Michael B. Markham, Asst. Borough Atty., Fairbanks, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

### INTRODUCTION

Jim Rice bought some 600 dead chickens from Vernard Christie to use as food for his foxes. Christie had purchased them from a Fairbanks chicken rancher named Myron Bearson. Neither Rice nor Christie knew that officials of the Fairbanks North Star Borough had temporarily taken control of Bearson's chicken farm prior to the sale because of unsanitary conditions. Rice fed the chickens to his foxes, which apparently caused many of the females to have spontaneous abortions. He claimed that this caused him damages in excess of $100,000. He sued (among others) the Fairbanks North Star Borough for negligence. Rice argues that the Borough knew the chickens were unhealthful but nevertheless failed to prohibit Bearson from selling them. The Borough moved for summary judgment on the basis of municipal immunity and the motion was granted. Rice has appealed. We affirm.

### FACTS

Borough officials inspected the Bearson ranch on April 7, 1983 and discovered numerous dead and dying chickens. They brought with them a temporary restraining order against Bearson, which ordered him (1) not to prevent the Borough employees from "taking temporary control of the poultry operation," (2) to permit the Borough "to take protective custody of the birds," and (3) do "all things necessary to help said birds survive."

The next day the Borough brought a crew of employees to the ranch who gave food and water to the chickens that were still alive. They counted about 1,800 dead birds and removed most of them from the main building. On April 9th, the Borough crew continued caring for the living chickens and removing the dead ones. Bearson arrived and became belligerent. As a result, a Borough supervisor told the work crew to leave the chicken ranch. As the crew was leaving, the superintendent offered to remove the remaining dead birds. Bearson declined the offer, saying that he was going to sell them to a fox farmer. The superintendent did not tell Bearson not to sell the chickens. She explained that: "we thought that he was crazy to think that he could sell the birds to anybody because they were full of maggots, they were rotten and ... we thought there was no way, with everything that's going on, that anyone would buy those rotten chickens."

### DISCUSSION

Alaska Statute 09.65.070(d) provides:

No action for damages may be brought against a municipality or any of its agents, officers, or employees if the claim

(1) is based on a failure of the municipality, or its agents, officers, or employees, when the municipality is neither owner nor lessee of the property involved,

....

(C) to abate a violation of any statute, regulation or ordinance, or a hazard to health or safety discovered on property inspected ....

Rice's claim against the Borough falls squarely within the prohibition of this section. First, Rice's claim is based on the

Borough's alleged failure to prevent "a hazard to health or safety," i.e., the sale of the dead chickens. Second, the Borough was neither the owner nor the lessee of Bearson's property. Although the Borough temporarily controlled the property pursuant to a court order, this is legally insignificant. Control over property is only one element of a lease or property ownership. The Borough could not have operated the property for a profit, sold it, or performed many of the numerous acts associated with owning or leasing property. The Borough is immune from Rice's suit.

Judgment AFFIRMED.